**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**



DEC 15 2009

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BAJ SINGH, | No. 08-73958 |
| Petitioner, | Agency No. A098-124-172 |
| v. | |
| ERIC H. HOLDER Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 11, 2009[**]
Seattle, Washington

Before: BEEZER, GOULD and TALLMAN, Circuit Judges.

Baj Singh ("Singh"), a native and citizen of India, petitions for review of the

Board of Immigration Appeals's ("BIA") dismissal of his appeal of an Immigration

Judge's ("IJ") decision denying Singh's applications for asylum, withholding of

removal, and protection under the Convention Against Torture ("CAT"). The IJ

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

denied all relief because she did not find Singh credible. We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition for review.

We review the IJ's decision when the BIA adopts and affirms the IJ's decision by citing to *Matter of Burbano*, 20 I. & N. Dec. 872 (BIA 1994), as it did here. *Moreno-Morante v. Gonzales*, 490 F.3d 1172, 1174 (9th Cir. 2007). We review an IJ's adverse-credibility finding under the substantial evidence standard. *Tawadrus v. Ashcroft*, 364 F.3d 1099, 1102 (9th Cir. 2004). We will uphold the IJ's finding if it is "supported by reasonable, substantial, and probative evidence on the record considered as a whole," *INS v. Elias-Zacarias*, 502 U.S. 478, 481 (1992), and we cannot reverse "unless the evidence presented would *compel* a reasonable finder of fact to reach a contrary result," *Singh-Kaur v. INS*, 183 F.3d 1147, 1149–50 (9th Cir. 1999).

The IJ's decision to grant or deny relief rested primarily on Singh's testimony, and we defer to the IJ's determination of credibility because the IJ is in the best position to assess the trustworthiness of the applicant's testimony. *See Mendoza Manimboa v. Ashcroft*, 329 F.3d 655, 661 (9th Cir. 2003).

Substantial evidence supports the IJ's finding that Singh was inconsistent in nearly every major aspect of his testimony—each of which went to the heart of his claim—including why the police allegedly arrested him, his brother's involvement

2

in the arrests, the last time Singh saw his brother, Singh's brother's ability and desire to leave India, when Singh learned of his friend's deportation, and when Singh received a letter from his doctor. *See Chebchoub v. INS*, 257 F.3d 1038, 1043 (9th Cir. 2001). Substantial evidence also supports the IJ's finding that Singh was unresponsive and evasive regarding Singh's knowledge of the police's interest in Singh's brother and his brother's friend Roop, why Singh traveled across Canada before entering the United States, why Singh's doctor's letter was written in English, when Singh received the doctor's letter, why the doctor's letter did not include a date, and what type of abuse his wife allegedly suffered. Finally, substantial evidence supports the IJ's finding that Singh provided implausible testimony regarding Singh's lack of knowledge of the police's motive for allegedly arresting him. Even if we were to credit Singh's objections to some IJ findings, there remains substantial evidence to support the adverse-credibility finding. *See Li v. Ashcroft*, 378 F.3d 959, 964 (9th Cir. 2004) (requiring upholding an IJ's adverse-credibility finding if substantial evidence supports just one of the reasons that the IJ provides).

Moreover, where, as here, a petitioner's CAT claim is based on statements that are not credible and the petitioner offers no other evidence to support the

3

claim, CAT protection is properly rejected. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156–57 (9th Cir. 2003).

**DENIED**.